## M. F. SCOTT *v.* JOE HENRIQUES.

APPEAL FROM DISTRICT MAGISTRATE, NORTH KONA.

SUBMITTED JANUARY 30, 1911.                    DECIDED FEBRUARY 2, 1911.

HARTWELL C.J., PERRY AND DE BOLT, JJ.

LIMITATION OF ACTIONS—*judgments—appeals.*

No action lies on a judgment pending an appeal, and therefore the statute of limitations does not then begin to run.

OPINION OF THE COURT BY HARTWELL, C.J.

This is an appeal from a decision of the magistrate sustaining defendant's demurrer to the plaintiff's complaint in an action of debt brought December 21, 1910, on a judgment ren-

dered in the district court September 29, 1903, on the ground that the action was barred by the statute of limitations, more than six years having elapsed since it was rendered. The complaint shows that the defendant appealed from the former judgment to the circuit judge, instead of the circuit court, and his appeal having been dismissed by the circuit judge January 2, 1904, he appealed to the supreme court, by which his appeal was dismissed December 27, 1904. If the statute did not begin to run, as claimed by the plaintiff, pending the appeals, the demurrer should not have been sustained.

The defendant contends that an abortive appeal, such as was made in this case, is absolutely void, and not such as is contemplated by Sec. 1861 R. L., which provides: "An appeal duly taken and perfected in any case from a judgment, order or decree of a circuit judge or district magistrate shall operate as an arrest of judgment and stay of execution;" also that Sec. 1808 R. L. gave the plaintiff the right to take out execution on his judgment or obtain a new execution, or "at any time after the judgment (to) have an action of debt thereon." This contention cannot be sustained. The statute allows the action to be brought "at any time after the judgment, subject to the statute of limitations." An appeal may be "duly taken and perfected" and, as was done in this case, allowed, although not authorized by statute. The plaintiff could not have levied execution pending the appeal unless upon an order from the magistrate allowing it on the ground that the appeal ought not to have been allowed, and until authorized by competent judicial authority he could not properly have treated his appeal as void.

Decision reversed, case remanded.

Plaintiff in person.

*Eugene K. Aiu* for defendant.